FILED & ENTERED

SEP 15 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SARA ANGELES,<br><br><br><br>Debtor(s). | Case No.: 2:25-bk-15897-WB<br><br>CHAPTER 7<br><br>**MEMORANDUM OF DECISION AND ORDER OVERRULING OBJECTION**<br><br>Date: April 30, 2026<br>Time: 10:00 AM<br>Courtroom: 1375 |

On April 2, 2026, and April 30, 2026, the Court held hearings on the Chapter 7[1] Trustee's Objection to Debtor's Homestead Exemption (the "Objection") [Docket No. 40]. The Court has considered the parties' written submissions and supporting evidence, the arguments presented at the hearings, and the record in this case. The Court now issues the following Memorandum of Decision and Order.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP").

## I. BACKGROUND

Debtor Sara Angeles ("Debtor") filed this chapter 7 case on July 11, 2025. Wesley H. Avery is the duly appointed chapter 7 trustee (the "Trustee"). On Schedule A/B, Debtor listed a 100% interest in the real property located at 1200 W. 36th Street, Los Angeles, California 90007 (the "Property"), valued at $850,000. Debtor scheduled a mortgage lien of approximately $369,700 and claimed a homestead exemption of $722,502 pursuant to California Code of Civil Procedure § 704.730.

On February 18, 2026, Trustee filed the Objection. Trustee objects to Debtor's claimed homestead exemption on the ground that the Property was not Debtor's principal residence on the petition date and that she did not reside there continuously thereafter. Trustee relies on a rental listing for the Property; Debtor's driver's license, mortgage statement, bank statements, and 2023 tax return identifying 1315 W. 36th Place, Los Angeles, California 90007 ("1315 W. 36th Place") as Debtor's address; Debtor's 2023 tax return identifying the Property as rental property; and evidence concerning the Property's use as student housing.

Trustee also relies on the declaration of Brian Parsons ("Parsons"), Trustee's proposed real estate broker, who inspected the Property on January 20, 2026. Parsons observed two "For Rent" signs outside the Property and five bedrooms with numbered doors. Based on his observations during the inspection and what Debtor said to him about the Property's occupants, Parsons concluded that Debtor did not reside at the Property. Alternatively, Trustee argues that Debtor's homestead exemption should be reduced to $144,500.40 under *In re Rey*, 657 B.R. 634 (9th Cir. BAP 2024), based on the rental use of portions of the Property.

On March 9, 2026, Debtor filed her Opposition to the Objection. Debtor disputes Trustee's contention that she does not reside at the Property. She explains that 1315 W. 36th Place is her mother's residence, which she uses as a mailing address because she spends significant time there caring for her mother. Debtor

acknowledges intermittently renting rooms at the Property and states that family members also reside there and contribute to household expenses. She further states that the utilities and services are maintained in her name. Debtor also argues that the Objection is untimely because it was filed more than 30 days after the initial § 341(a) meeting.

On March 26, 2026, Trustee filed his Reply, together with a supplemental declaration from Parsons. Trustee contends that the Objection is timely because the § 341(a) meeting had not concluded when the Objection was filed. Parsons states that he asked Debtor about the occupancy of the Property and that "[a]t no time did she state that she lived at the Property." Trustee maintains that Debtor's account is inconsistent with the information she provided to Parsons and requests that the exemption be disallowed or, alternatively, reduced.

The Court held an initial hearing on April 2, 2026. On April 11, 2026, Debtor filed a Supplemental Declaration providing additional evidence concerning her residence at the Property. Debtor identifies the bedroom and bathroom she uses at the Property, states that she lives there with her brother, nephew, and son, explains the numbers above the bedroom doorways and her use of her mother's address, and includes photographs of the Property. She also submits declarations from two neighbors who state that they have known her for years and identify the Property as her residence.

On April 23, 2026, Trustee filed a Supplemental Reply, arguing that Debtor's supplemental statements are inconsistent with her prior statements and testimony. Trustee submits the declaration of Lucy Mayvan, who states that Debtor testified at her § 341(a) meeting that she lived at the Property with her mother and two sons. Trustee also submits a further declaration from Parsons, who maintains that Debtor did not identify herself as residing at the Property during his inspection.

The Court held a further hearing on April 30, 2026.

## II. DISCUSSION

Rule 4003(c) generally provides that the party objecting to a claimed exemption bears the burden of proving by a preponderance of the evidence that the exemption is not properly claimed. *In re Kelley*, 300 B.R. 11, 16–17 (9th Cir. BAP 2003); *In re Stijakovich-Santilli*, 542 B.R. 245, 255 & n.6 (9th Cir. BAP 2015). Where, however, the applicable state exemption law specifically allocates the burden of proof, that state-law allocation governs. *See In re Diaz*, 547 B.R. 329, 336–37 (9th Cir. BAP 2016).

California has mandated the use of state exemptions in bankruptcy and has enacted specific rules governing the burden of proof for claimed exemptions. *See* Cal. Civ. Proc. Code §§ 703.580(b), 704.780(a)(1). Under California law, a debtor claiming an automatic homestead exemption must satisfy the requirements of California Code of Civil Procedure § 704.710(c). California Code of Civil Procedure § 704.780(a)(1) allocates the burden of proof depending on whether the county tax assessor's records indicate that there is a current homeowner's exemption or disabled veteran's exemption for the dwelling.[2] The record before the Court does not establish whether the assessor's records reflect such an exemption for the Property. The Court need not resolve the burden-of-proof issue because, even assuming Debtor bears the burden of establishing that the Property was her homestead, Debtor has satisfied that burden by a preponderance of the evidence. *See In re Pashenee*, 531 B.R. 834, 837 (Bankr. E.D. Cal. 2015).

In this case, Trustee presented evidence calling Debtor's residence at the Property into question. Debtor used the 1315 W. 36th Place address on multiple

---

[2] "If the records of the county tax assessor indicate that there is a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the judgment creditor has the burden of proof that the dwelling is not a homestead. If the records of the county tax assessor indicate that there is not a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the burden of proof that the dwelling is a homestead is on the person who claims that the dwelling is a homestead." Cal. Civ. Proc. Code § 704.780(a)(1).

documents, and the Property had a history of use as student housing. Debtor had also rented rooms at the Property, rental advertisements and "For Rent" signs were associated with the Property, and Parsons' January 2026 inspection raised questions about the occupancy of the five bedrooms. This evidence weighs against Debtor's claimed residence.

Debtor, in turn, presented evidence supporting her claim that she resided at the Property. In her Supplemental Declaration, Debtor identifies the bedroom and bathroom she uses at the Property and explains that she uses her mother's address for mailing because she spends substantial time there caring for her mother. She states that the Property had numbers above the bedroom doorways when she purchased it, but that the numbers were later removed leaving only their imprints. She also includes photographs of the areas she identifies as her own. Debtor also submitted declarations from two neighbors. One neighbor, who has known Debtor for approximately 15 years and lives next door, states that Debtor lives at the Property. Another neighbor, who has known Debtor for approximately seven years and lives across the street, likewise identifies the Property as Debtor's residence.

Although Debtor gave differing accounts of who lived with her at the Property, she consistently maintained that she resides there. At her § 341(a) meeting, Debtor identified the Property as her residence.

On balance, the Court finds Debtor's evidence more persuasive. Considering the record as a whole, the Court finds that the Property was Debtor's principal residence on the petition date and continuously thereafter.

The Court also rejects Trustee's alternative argument that Debtor's homestead exemption should be reduced under *In re Rey*, 657 B.R. 634 (9th Cir. BAP 2024). *Rey* involved the extent of a homestead exemption where a single parcel contained multiple separate structures, only one of which was used as the debtor's residence. Here, by contrast, the Property consists of a single residence, and Trustee seeks to apportion the homestead exemption based on the rental of

individual bedrooms within that residence. *Rey* is therefore inapplicable, and the Court declines to reduce Debtor's homestead exemption based on her intermittent rental of rooms in the Property.

Finally, the Court rejects Debtor's argument that the Objection was untimely. Rule 4003(b)(1) provides that an objection may be filed within 30 days after the § 341(a) meeting is concluded. Because the meeting had not concluded when Trustee filed the Objection, the Objection was timely. The Court therefore overrules the Objection on its merits, rather than on timeliness grounds.

For the foregoing reasons,

**IT IS ORDERED that:**

1. Trustee's Objection is OVERRULED; and
2. Debtor's claimed homestead exemption in the real property located at 1200 W. 36th Street, Los Angeles, California 90007 is ALLOWED.

###

Date: September 15, 2026

Julia W. Brand
United States Bankruptcy Judge